Eric R. Little, State Bar No. 169021
Email: *elittle@littletarzi.com*
Najwa Tarzi, State Bar No. 210415
Email: *ntarzi@littletarzi.com*
**LITTLE & TARZI APC**
3333 Michelson Dr., Suite 735
Irvine, California 92612
Telephone: (949) 333-1699; Facsimile: (949)333-1697

**Attorneys for Plaintiff:**
BRADLEY LAND COMPANY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

BRADLEY LAND COMPANY, a California corporation,

Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation, DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:25-cv-10605-DSF-JDE

Assigned for All Purposes to Honorable Judge Dale S. Fischer

**FIRST AMENDED COMPLAINT FOR**

1. **BREACH OF CONTRACT**
2. **DECLARATORY RELIEF**

Plaintiff Bradley Land Company ("Plaintiff" or "Bradley"), files this amended Complaint against Defendant Travelers Property Casualty Company of America ("Defendant" or "Travelers"), for breach of contract and declaratory relief, as follows:

**THE PARTIES**

1. Plaintiff is, and at all times mentioned in this Complaint was, a corporation organized and existing under California law, with its principal place of business located at 2401 Professional Parkway, Santa Maria, California 93455.

2. Defendant Travelers Property Casualty Company of America ("Travelers") is, and at all times mentioned in this Complaint was, a corporation organized and existing under Connecticut law and engaged in the business of insurance in the state of California, with its principal place of business registered with the California Secretary of State as One Tower Square, Hartford, Connecticut 06183.

3. The true names and capacities of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. The Plaintiff will amend this Complaint when said true names and capacities have been ascertained. Plaintiff is informed and believes and thereon alleges that each such fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and Plaintiff's damages as herein alleged were proximately caused by such Defendants.

**JURISDICTION AND VENUE**

4. This Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties. Plaintiff is a California corporation with its principal place of business in Santa Maria, California. Travelers is organized under the laws of Connecticut, with its principal place of business in Hartford, Connecticut.

5. The amount in controversy is in excess of $75,000.

6. Venue is proper in the Central District of California, Western Division, pursuant to 28 U.S.C. § 1391(b)(2) as Plaintiff is a California Company that does business in this District. Venue is also proper in this District because the events that gave rise to this action took place in this District and the insurance policies at issue in this action were issued by Defendants to Plaintiff in this District. Venue is further proper in this District, pursuant to 28 U.S.C. §1391(d) in that Insurers do business in this district and thus are subject to personal jurisdiction here.

## GENERAL ALLEGATIONS

7. Defendant Travelers is an insurer that has provided comprehensive general liability insurance to Plaintiff for various policy periods.

8. On March 31, 2022, in Santa Barbara County, California, Defendant Travelers, for a valuable consideration, issued to Plaintiff a renewal of its written policy for commercial general liability, Policy No. I-660-6796X936-TIL-22 (the "Policy") for the policy period from May 18, 2022 to May 18, 2023. A true and correct copy of which is attached hereto, marked **Exhibit A** and made a part hereof.

9. The Policy is a primary liability insurance policy.

10. By the express terms of the Policy, Defendant Travelers insured Plaintiff against any loss or damage sustained or incurred which are covered by the Policy and which occur during the policy period.

11. By the express terms of the Policy, Defendant Travelers must pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which the Policy applies. Defendant Travelers also has the right and duty to defend the insured against any "suit" seeking those damages. (Exhibit A, Section I,

Coverage A, Paragraph 1.a.).

12. On or about March 27, 2025, Plaintiff was served with process in the form of a summons and complaint in the following lawsuit: *Rodriguez v. Bradley Land Company, et. al* Case No. 24CV06679 in Superior Court of California, County of Santa Barbara, North County ("Rodriguez Lawsuit"). True and correct copies of the summons and complaint are attached hereto, marked **Exhibit B** and made a part hereof.

13. The Rodriguez Lawsuit complaint alleges that between November 30, 2022, and March 3, 2023, plaintiff Mr. Rodriguez was working as a laborer on a job site located at 3851 Telephone Road in Santa Maria, California. During this period, Mr. Rodriguez was allegedly exposed to various fumes and gases from chemicals stored at the site owned, operated, controlled, managed and/or maintained by Bradley Land Company. On March 3, 2023, Mr. Rodriguez allegedly suffered a cardiac arrest. During his hospitalization, it was allegedly determined that he was exposed to hydrogen sulfide gas which caused the cardiac arrest. Mr. Rodriguez alleges that Bradley Land Company failed to safely operate a gas line, valve, storage tank and/or well, failed to provide proper training and instruction for its employees and failed to provide or display adequate warnings regarding the dangers of the subject area of operation. The Rodriguez complaint seeks compensatory damages up to $15,000,000.00 under theories of negligence, products liability, premises liability, and loss of consortium.

14. Plaintiff is the owner of record for the parcel located at 3851 Telephone Rd, Santa Maria, CA 93454 (the "Premises") and leases the land to oil and gas production companies for petroleum production purposes.

15. The Rodriguez Lawsuit makes claims during the Policy period for "bodily injury" as defined in the Policy and Plaintiff asserts that Defendant Travelers has a duty to

defend Plaintiff against the Rodriguez Lawsuit as a "suit" seeking damages for bodily injury.

16. On April 1, 2025, in accordance with the terms of the Policy, Plaintiff notified Defendant Travelers in writing of the Rodriguez Lawsuit and requested that Defendant Travelers defend Plaintiff in the Rodriguez Lawsuit.

17. Plaintiff has performed each and every act and thing required to be performed by it under the terms and conditions of the Policy. Plaintiff has complied with all conditions and obligations under the Policy with respect to its rights to a defense from Defendant Travelers in the Rodriguez Lawsuit.

18. On April 21, 2025, Defendant Travelers informed Plaintiff that it declines any obligation to defend Plaintiff for the claims asserted in the Rodriguez Lawsuit, despite the existence of a potential for coverage under the Policy. Defendant Travelers has taken no steps towards defending the Rodriguez Lawsuit on Plaintiff's behalf.

19. On July 17, 2025, Plaintiff re-tendered the Rodriguez Lawsuit to Defendant Travelers citing the broad duty to defend in California which arises with a potential for coverage, and noting that Defendant Travelers denied defense without adequate investigation.

20. On July 30, 2025, Defendant Travelers again denied Plaintiff's tender of the Rodriguez Lawsuit stating that it has no obligation to Plaintiff for the claims made in the Rodriguez Lawsuit. The denial letter failed to provide any further rationale for maintaining its coverage position, failed to resolve doubts in favor of Plaintiff, its insured, and failed to negate the potential for coverage under California law.

21. A controversy now exists between Plaintiff and Defendant Travelers relative to their legal rights and duties under the Policy as to the following points: Plaintiff contends that Defendant Travelers has a duty to defend Plaintiff in the Rodriguez Lawsuit. Defendant

Travelers contends that they are not obligated to defend the Rodriguez Lawsuit.

22. Plaintiff desires a judicial determination of its rights and duties and a declaration as to whether Defendant Travelers is obligated under the Policy to defend the Rodriguez Lawsuit.

**<u>FIRST CAUSE OF ACTION</u>**

**(Breach of Contract)**

23. Plaintiff realleges and incorporates all prior allegations in the foregoing paragraphs as though fully set forth herein.

24. Plaintiff has duly paid all premiums due under the Policy and performed all other conditions the Policy required it to perform.

25. Defendant Travelers breached its obligations under the contract with Plaintiff, in that they unreasonably denied Plaintiff the benefits due under the Policy, namely, to provide a legal defense of the Rodriguez Lawsuit, despite Plaintiff's timely tender of the claim.

26. Defendant Travelers breached the Policy contract by failing their duty to defend.

27. As a direct and proximate result of Defendant Travelers' breach of the contractual duties owed to Plaintiff, Plaintiff has suffered damages in having to hire its own defense counsel, Musick Peeler & Garrett LLP, to defend itself in the Rodriguez Lawsuit and secure the legal services of Little & Tarzi, a professional law corporation, to prosecute this lawsuit. Therefore, plaintiff seeks judgment as prayed for below.

**<u>SECOND CAUSE OF ACTION</u>**

**(Declaratory Relief)**

28. Plaintiff realleges and incorporates all prior allegations in the foregoing

paragraphs above as though fully set forth herein.

29. Pursuant to the federal declaratory judgment statue, 28 U.S.C. §2201(a), there is an actual and justiciable controversy over whether Defendant Travelers have a duty, under the terms of its insurance Policy, to provide a defense to Plaintiff for the allegations made in the Rodriguez Lawsuit.

30. Plaintiff is entitled to judgment declaring that the Policy issued by Defendant Travelers is triggered by the allegations of Rodriguez, requiring Defendant Travelers to provide a defense to Plaintiff in the Rodriguez Lawsuit.

31. No exclusions apply to conclusively eliminate all potential for coverage.

32. Such a declaration is necessary and appropriate at this time for the parties to ascertain their rights and duties.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment in its favor and against Defendant Travelers as follows:

1. For damages resulting from Defendant Travelers' breach of its insurance contract, in the form of unreimbursed defense fees and costs incurred by Plaintiff in defense of the Rodriguez Lawsuit and contemporaneous payment for the defense of the Rodriguez Lawsuit.

2. For a declaration that Defendant Travelers' denial of Plaintiff's request for a defense was improper and in breach of the terms of the Policy.

3. For a declaration that Defendant Travelers is obligated and liable to pay all sums for the defense of Plaintiff in the Rodriguez Lawsuit, and that Defendant Travelers' duty to defend will continue until final resolution of the claims made against Plaintiff in the Rodriguez Lawsuit

4. For prejudgment interest as provided by law; and

5. For such other and further relief as the Court may deem just and proper.

Dated: January 15, 2026

LITTLE & TARZI APC

/s/ *Eric R. Little*
Eric R. Little
Najwa Tarzi

Attorneys for Plaintiff