Eric R. Little (SBN 169021)
elittle@littletarzi.com
Najwa Tarzi (SBN 210415)
ntarzi@littletarzi.com
LITTLE & TARZI APC
3333 Michelson Dr Ste 735
Irvine, CA 92612-7679
Ph: 949-333-1699; Fax: 949-333-1697

**Attorneys for:**
BRADLEY LAND COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

BRADLEY LAND COMPANY, a California Corporation,

Plaintiff,

vs.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut Corporation, DOES 1 through 10, inclusive,

Defendants.

Case No.: 2:25-cv-10605-DSF-JDE

Honorable Dale S. Fischer

**PLAINTIFF BRADLEY LAND COMPANY'S STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

**Hearing Date: August 31, 2026**
**Time: 1:30 p.m.**
**Courtroom: 7D**

Action Filed: October 1, 2025
Trial Date: Not yet set

Pursuant to Federal Rule of Civil Procedure 56, Central District of California Local Rule 56-1, and the Court's Order re Motions for Summary Judgment ("Order"), Plaintiff Bradley Land Company ("Plaintiff" or "Bradley") hereby submits its Statement of Uncontroverted Facts and Conclusions of Law in support of its Motion for Summary Judgment.

## STATEMENT OF UNCONTROVERTED FACTS

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | Travelers issued Commercial General Liability Policy No. I-660-6796X936-TIL-22 to Bradley Land Company for the policy period May 18, 2022 through May 18, 2023, with a $2 million per-occurrence limit ("Policy"). | Parties' Stipulation to Authenticate Documents for Use in Parties' Cross-Motions for Summary Judgment ("Stip.") [Dkt. 21], Exhibit 1 ("Ex.") thereto, at 1-10. |
| 2. | The Policy's Insuring Agreement provides in pertinent part:<br>**1. Insuring Agreement**<br>a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . We will have the right and duty to defend the insured against any "suit" seeking those damages…<br>…<br>b. This insurance applies to "bodily | Stip., Ex. 1 thereto [Dkt. 21-1], at 1-15. |

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| | injury" and "property damage" only if:<br>(1) The "bodily injury" or "property damage" is caused by an "occurrence" … | |
| 3. | The Policy includes the following pertinent exclusion:<br>**1. Exclusions**<br>This insurance does not apply to:<br>**f. Pollution**<br>**(1)** "Bodily injury" … arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":<br>**(a)** At or from any premises, site or location which is or was at any time owned or occupied by, or rented or loaned to, any insured. | Stip., Ex. 1 thereto [Dkt. 21-1], at 1-16. |
| 4. | The Policy includes the following pertinent definitions:<br>4. "Bodily injury" means:<br>a. Physical harm, including sickness or | Stip., Ex. 1 thereto [Dkt. 21-1], at 1-31. |

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| | disease, sustained by a person; or<br>b. Mental anguish, injury or illness, or emotional distress, resulting at any time from such physical harm, sickness or disease. | |
| 5. | 17. "Occurrence" means:<br>a. an accident, including continuous or repeated exposure to substantially the same general harmful conditions. | Stip., Ex. 1 thereto [Dkt. 21-1], at 1-33. |
| 6. | 20. "Pollutants" means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed. | Stip., Ex. 1 thereto [Dkt. 21-1], at 1-33. |
| 7. | November 11, 2024, Jorge Rodriguez and Kathy Rodrigues filed the Form Complaint in the action styled as: *Rodriguez v. Bradley Land Company, et. al.,* Superior Court of California, County of Santa | Stip., Ex. 2 thereto [Dkt. 21-2], at 2-1. |

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| | Barbara, Case No. 24CV06679 ("*Rodriguez* Action"), against Bradley Land and others. | |
| 8. | The Complaint in the *Rodriguez* Action asserted causes of action for General Negligence; Premises Liability; Products Liability; and Loss of Consortium. | Stip., Ex. 2 thereto [Dkt. 21-2], at 2-5 to 2-9. |
| 9. | The First Cause of Action for General Negligence alleges: On or about the above dates and at the above location, Plaintiff JORGE RODRIGUEZ, had been a laborer for a company other than Defendants wherein he had been working on a jobsite at 3851 Telephone Road, Santa Maria, California. Plaintiff was at the site between approximately November 30, 2022 and March 3, 2023. During this period of time Plaintiff was exposed to various fumes of gases from chemicals store at the site owned, operated, controlled, managed, maintained and/or occupied by Defendants, and each of them. Plaintiff, JORGE RODRIGUEZ, suffered a cardia arrest and collapsed | Stip., Ex. 2 thereto [Dkt. 21-2], at 2-5. |

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| | shortly after arriving home on March 3, 2023. Plaintiff, JORGE RODRIGUEZ, was provided CPR by his wife and rushed to the hospital. It was determined that Plaintiff had suffered from exposure to Hydrogen Sulfide gas (H2S), which resulted in Plaintiff, JORGE RODRIGUEZ'S, cardiac arrest, as well as other physical, mental, psychological and/or emotional injuries. The Defendants, BRADLEY LAND COMPANY; GREKA OIL AND GAS, INC; GREKA GREEN GROUP; GREKA ENERGY; GREKA BRADLEY Consolidated 3 ISLAND OIL PRODUCTION FACILITY; GREKA GROUP, HVICAY CANYON, INC; and Does 1 to 50, Inclusive, and each of them, and their agents and employees whose names are unknown to Plaintiffs JORGE RODRIGUEZ and KATHY RODRIGUEZ at this time but are named as Does 1 to 50, Inclusive, are responsible for Plaintiff, JORGE | |

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| | RODRIGUEZ's, injuries and damages due to, but not limited to, the following: Failure to safely operate the gas line and/or gas valve and/or storage tanks and/or wells; failure to properly design and/or maintain said gas line and/or gas valve and/or storage tanks and/or wells; failure to provide proper and/or adequate training and/or instructions for its employees employed by said Defendants; and/or failure to provide and/or display adequate warning regarding the dangers of the subject area of operation and the unsafe conditions that existed thereon. | |
| 10. | Bradley provided notice of the *Rodriguez* Action to Travelers on April 1, 2025. | Stip., Ex. 3 thereto [Dkt. 21-3], at 3-1. |
| 11. | On April 2, 2025, Travelers confirmed that the Rodriguez Complaint is unclear as to the alleged hydrogen sulfide gas, asking Bradley: "I would like to clarify some details regarding the location of the H2S (hydrogen sulfide gas). The petition is unclear, as it simply | Stip., Ex. 4 thereto [Dkt. 21-4], at 4-8. |

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| | states fumes of gases from chemicals stored at the site. Do you have any knowledge of where these chemicals were stored?” | |
| 12. | On April 2, 2025, counsel for Bradley responded to Travelers’ inquiry and confirmed that Bradley did not have definitive information as to the alleged hydrogen sulfide, stating: “[a] former tenant, who was active at that time, was engaged in petroleum exploration on Bradley’s property. We assume the H2S is a byproduct of those activities, but we do not know for certain.” | Stip., Ex. 4 thereto [Dkt. 21-4], at 4-7. |
| 13. | On April 3, 2025, Bradley further responded to Travelers and again confirmed its lack of knowledge as to the facts surrounding the alleged hydrogen sulfide, stating: “Regarding the location of the H2S (hydrogen sulfide), neither we nor our client, your insured, have knowledge of where chemicals were stored on the property at the time…. we are equally unaware of the specifics on how hydrogen sulfide was stored or used by the operators, or whether it was simply a byproduct of the production process.” | Stip., Ex. 4 thereto [Dkt. 21-4], at 4-5 to 4-6. |

| | UNCONTROVERTED FACTS | SUPPORTING EVIDENCE |
|---|---|---|
| 14. | On April 21, 2025, Travelers denied coverage, asserting that the Policy's Pollution Exclusion eliminated any potential for coverage. | Stip., Ex. 5 thereto [Dkt. 21-5], at 5-1. |
| 15. | On May 1, 2025 Bradley responded to Travelers' denial. | Stip., Ex. 6 thereto [Dkt. 21-6], at 6-1. |
| 16. | On July 17, 2025, Bradley requested that Travelers reconsider its denial of coverage. | Stip., Ex. 7 thereto [Dkt. 21-7], at 7-1. |
| 17. | On July 30, 2025, Travelers reaffirmed its denial of coverage. | Stip., Ex. 8 thereto [Dkt. 21-8], at 8-1. |
| 18. | On September 10, 2025, Bradley made a final demand that Travelers honor its defense obligations. | Stip., Ex. 9 thereto [Dkt. 21-9], at 9-1. |
| 19. | On September 24, 2025, Travelers reaffirmed its denial. | Stip., Ex. 10 thereto [Dkt. 21-10], at 10-1. |
| 20. | On November 21, 2025, Travelers issued a supplemental denial letter. | Stip., Ex. 11 thereto [Dkt. 21-11], at 11-1. |

## CONCLUSIONS OF LAW

| | CONCLUSIONS OF LAW | SUPPORTING EVIDENCE |
|---|---|---|
| 1. | Travelers owed Bradley a duty to defend the *Rodriguez* Action because Rodriguez | *Montrose Chem. Corp. v. Sup. Ct.,* 6 Cal. 4th 287, 299- |

| | CONCLUSIONS OF LAW | SUPPORTING EVIDENCE |
|---|---|---|
| | alleged potentially covered bodily injury caused by an occurrence. | 300 (1993); *CNA Cas. of Cal. v. Seaboard Sur. Co*. 176 Cal. App. 3d 598, 610 (1986); *Hudson Ins. Co. v. Colony Ins. Co.*, 624 F.3d 1264, 1267 (9th Cir. 2010); *Hyundai Motor Am. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 600 F.3d 1092, 1097 (9th Cir. 2010); *CNA Cas., Co.* 176 Cal. App. 3d at 606; *Gray v. Zurich Ins. Co.* 65 Cal.2d 263, 275 (1966). |
| 2. | The duty to defend is determined at the time Travelers received notice of the underlying *Rodriguez* Action, by comparing the allegations of the underlying complaint to the terms of the policy. | *Haskel, Inc. v. Sup. Court*, 33 Cal. App. 4th 963, 976–77 (1995); *The Upper Deck Co., LLC v. Federal Ins. Co.,* 358 F.3d 608, 612 (9th Cir. 2004). |
| 3. | The California Supreme Court has confirmed that "a bare 'potential' or 'possibility' of coverage" is enough to trigger a defense duty" and "any doubt as whether facts give rise to a duty to defend is resolved in the insured's favor." | *Montrose Chem. Corp. v. Sup. Court,* 6 Cal. 4th 287, 299-300 (1993). |

| | CONCLUSIONS OF LAW | SUPPORTING EVIDENCE |
|---|---|---|
| 4. | To defeat its defense obligations, Travelers bears the burden of establishing through undisputed facts that the claims against the insured "can by no conceivable theory raise a single issue which could bring it within the policy coverage." | *Id.* at 300. |
| 5. | Travelers cannot negate its defense duty based on hindsight or facts not known by Travelers at the time of tender. | *Wausau Underwriters Ins. Co. v. Unigard Security Ins. Co.,* 68 Cal. App. 4th 1030, 1044 (1998); *Gonzalez v. Fire Ins. Exch.,* 234 Cal.App.4th 1220, 1239-40 (2015). |
| 6. | Travelers has a duty to defend Bradley immediately and in its entirety, including claims that are not potentially covered. | *Buss v. Sup. Court*, 16 Cal. 4th 35, 48-49 (1997). |
| 7. | California law requires that exclusions be interpreted narrowly against the insurer, while "coverage clauses are interpreted broadly so as to afford the greatest possible protection to the insured ... exclusionary clauses are interpreted narrowly against the insurer." | *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003). |

| | CONCLUSIONS OF LAW | SUPPORTING EVIDENCE |
| --- | --- | --- |
| 8. | Travelers cannot establish through undisputed facts that the Pollution Exclusion eliminates all potential for coverage. | *Atlantic Mut. Ins. Co. v. J. Lamb, Inc.*, 100 Cal.App.4th 1017, 1039 (2002); *KM Strategic Management, LLC v. American Cas, Co. of Reading PA,* 156 F.Supp.3d 1154, 1170 (C.D. Cal. 2015). |
| 9. | The Pollution exclusion in Travelers' policy is limited to injuries arising from events commonly understood as traditional environmental pollution. | *MacKinnon v. Truck Ins. Exch.*, 31 Cal.4th 635, 645 (2003). |
| 10. | Mere presence of potentially harmful substances or "pollutants" does not automatically trigger the pollution exclusion. | *Travelers Property Cas. Co. of Am. v. City of Los Angeles Harbor Dept.,* 2016 WL 11520822 (C.D. Cal., Sept. 9, 2016); *Liberty Mut. Fire Ins. Co. v. LX Hausys Am., Inc.,* 2026 WL 904224, *12-13 (C.D. Cal. Mar. 31, 2026); *Hanover Am. Ins. Co. v. Francini, Inc.*, 2026 WL 1020523, at *9 (C.D. Cal. Mar. 31, 2026); *American Zurich Ins. Co. v. James N. Gray Co.*, 2014 WL |

| | CONCLUSIONS OF LAW | SUPPORTING EVIDENCE |
|---|---|---|
| | | 11430928, *4 (C.D. Cal. July 25, 2014). |
| 11. | Travelers cannot establish through undisputed facts that the alleged hydrogen sulfide exposure constitutes traditional environmental pollution within the meaning of *MacKinnon*. | *Santaluz, LLC v. American Home Assurance Company*, 2010 WL 11509307, at *5 (S.D. Cal., Aug. 6, 2010); *Gainsco Ins. Co. v. Amoco Production Co.*, 53 P.3d 1051 (Wyo. 2002); *National Fire Ins. Co. of Hartford v. James River Ins.,* 162 F.Supp.3d 898 (D. Ariz. 2016), *clarified on denial of reconsideration,* 2016 WL 2606984 (D. Ariz., May 6, 2016); *Essex Ins. Co., Inc. v. Berkshire Environ. Consultants, Inc.* 2002 WL 226172, at *3 (D. Mass., Feb. 7, 2002); |
| 12. | As a breaching insurer, Travelers is obligated to reimburse all reasonable defense fees and costs incurred in the *Rodriguez* Action. | *Risely v. Interinsurance Exch. of the Auto. Club,* 183 Cal.App.4th 196, 215 (2010); *Intergulf Development v. Sup. Ct.,* 183 Cal.App.4th 16, 20 |

| | CONCLUSIONS OF LAW | SUPPORTING EVIDENCE |
|---|---|---|
| | | (2010). |
| 13. | Bradley is entitled to recover past and future defense fees at defense counsel's full market rates. | *Atmel Corp. v. St. Paul Fire & Marine Insurance Co.*, 426 F.Supp.2d 1039, 1047-48 (N.D. Cal. 2005); *Sentex Systems, Inc. v. Hartford, Acc. & Indem. Co.,* 882 F.Supp. 930, 946-47 (C.D.Cal.1995), *aff'd,* 93 F.3d 578 (9th Cir.1996); *Concept Enters., Inc. v. Hartford Ins. Co. of the Midwest*, 2001 WL 34050685, at *3 (C.D. Cal. May 22, 2001); *Southern Calif. Edison Co. v. Greenwich Ins. Co.*, 2023 WL 5505901, at *4 (C.D. Cal. July 28, 2023); *Hartford Casualty Insurance Co. v. J.R. Marketing*, 216 Cal.App.4th 1444, 1455 (2013), *aff'd in relevant part*, 61 Cal.4th 988 (2015). |

| | CONCLUSIONS OF LAW | SUPPORTING EVIDENCE |
|---|---|---|
| 14. | Bradley is entitled to prejudgment interest on defense fees and costs recoverable from Travelers. | *Longs Drug Stores Calif., Inc. v. Federal Ins. Co.*, 2005 WL 2072296, *4 (N.D. Cal. August 26, 2005); *Ultra Coachbuilders, Inc. v. General Security Ins.*, 229 F.Supp.2d 284, 288 (S.D.N.Y. 2002) (applying California law); *Copart, Inc. v. Travelers Indem. Co.*, 1999 WL 977948, *3 (N.D. Cal. October 22, 1999), *aff'd by* 11 F. App'x. 815 (9th Cir. 2001). |

Dated: June 22, 2026

**LITTLE & TARZI APC**

By: /s/ Eric R. Little
Eric R. Little, Esq.

Attorneys for Plaintiff
Bradley Land Company